**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ALBERT BROWN, JR.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 4:08-CV-291** |
| | § | |
| **MAUREEN MESSNER, et al.** | § | **ECF** |
| | § | |
| **Defendants.** | § | |

## DEFENDANT DAVID CASEBOLT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, David Casebolt ("Casebolt"), Defendant, and in response to Plaintiff's Complaint Under 42 U.S.C. 1983, Civil Rights Act (TDCJ-ID) ("Plaintiff's Complaint"), makes and files the following Original Answer to Plaintiff's Complaint, and respectfully shows the court the following:

### I.

### ORIGINAL ANSWER

1.   Defendant is without sufficient information to admit or deny the allegations contained in Paragraphs I-III of Plaintiff's Complaint.

2.   Defendant is without sufficient information to admit or deny the allegations contained in Paragraph IV.A. of Plaintiff's Complaint.  Defendant denies the allegations contained in Paragraph IV.B. of Plaintiff's Complaint.

3.   Defendant denies the allegations in Paragraph V. of Plaintiff's Complaint, admitting only: that Plaintiff was approached by officers on April 21, 2007 while he was parked on the wrong side of the street with his headlights on; that marijuana seeds and an open

container of beer were found in the vehicle; and that Plaintiff and two female occupants of the vehicle were searched after they consented to be searched.

4.   Defendant is without sufficient information to admit or deny the allegations contained in Paragraphs VII and VIII of Plaintiff's Complaint.

5.   Defendant denies the allegations contained in the handwritten attachment to Plaintiff's Complaint labeled "Paragraph 2 Officer Lee Keith", admitting only that Defendant Lee attempted to restrain Plaintiff after Plaintiff resisted arrest and attempted to gain access to Officer Casebolt's service pistol.

6.   Defendant denies the allegations contained in the handwritten attachment to Plaintiff's Complaint labeled "Paragraph 3 Messner Maureen".

7.   Defendant denies the allegations contained in the handwritten attachment to Plaintiff's Complaint labeled "Paragraph 4".

8.   Defendant denies the allegations contained in the handwritten attachment to Plaintiff's Complaint labeled "Paragraph 5 Chris Grollnek".

9.   Defendant denies the allegations contained in the handwritten attachment to Plaintiff's Complaint labeled "Defendant Casebolt David E".

10.   Defendant denies the allegations contained in the handwritten attachment to Plaintiff's Complaint labeled "Defendant Messner Maureen".

11.   Defendant denies the allegations contained in the handwritten attachment to Plaintiff's Complaint labeled "Defendant Lee Keith".

12.   Defendant denies the allegations contained in the handwritten attachment to Plaintiff's Complaint labeled "Defendant Grollnek Chris".

13.   Defendant denies the allegations contained in the handwritten attachment to Plaintiff's Complaint labeled "Defendant Lt. Unknown".

## II.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant affirmatively pleads that he is entitled to the defense of qualified and/or official immunity as to Plaintiff's claims, and that on the occasion in question, he acted without malice; that he acted without an intent to deprive Plaintiff of any legally protected rights; that he acted with a reasonable, good faith belief that his actions were lawful, proper and pursuant to the scope of his discretionary authority as a police officer; that his actions were objectively legally reasonable; and that he did not violate clearly established law of which a reasonable person would have known.

### Third Affirmative Defense

Defendant affirmatively pleads that probable cause existed for the arrest of Plaintiff and that no deprivation of rights occurred.

### Fourth Affirmative Defense

Defendant affirmatively pleads that he did not violate clearly established law of which a reasonable person would have known, and at all times, his conduct was objectively reasonable.

**Fifth Affirmative Defense**

Defendant affirmatively pleads that that the acts complained of by Plaintiff were not caused by any constitutionally defective official policy or custom of the City of McKinney.

**Sixth Affirmative Defense**

Defendant affirmatively pleads that no act or omission on his part proximately caused any of Plaintiff's alleged injuries or damages.

**Seventh Affirmative Defense**

Defendant affirmatively pleads that each of Plaintiff's claims are barred, to the extent that Plaintiff's requested relief implies that his conviction and/or sentence are invalid.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit, that all relief requested by Plaintiff be denied, that the Defendant recover all costs of suit including reasonable attorney's fees, and for such other and further relief, general or special, at law or at equity, to which Defendant may show himself justly entitled.

Respectfully submitted,

WALKER BRIGHT P.C.
5910 North Central Expressway, Suite 980
Dallas, Texas 75206
Telephone: (214) 692-6530
Telecopier: (214) 692-7821

//s// Gerald Bright
GERALD BRIGHT
State Bar No. 02991720
DAVID L. CRAFT
State Bar No. 00790522

**_Attorneys for Defendants_**

## <u>CERTIFICATE OF SERVICE</u>

By my signature below, I hereby certify that a true and correct copy of the above and foregoing Original Answer was forwarded to all parties and/or counsel of record as listed below on this the 17th day of October, 2008, via certified mail, return receipt requested.

**Albert Earl Brown, Jr. # 146726**
Collin County Detention Facility
4300 Community Avenue
McKinney, Texas  75071
*Pro Se Plaintiff*

*Via CMRRR # 7006 2760 0002 7943 9986*

//s// Gerald Bright
Gerald Bright/David Craft