IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ALBERT EARL BROWN, JR., #146726 | § | |
| VS. | § | CIVIL ACTION NO. 4:08cv291 |
| MAUREEN MESNER, ET AL. | § | |

## ORDER DENYING POST-JUDGMENT MOTION

On August 7, 2008, Albert Earl Brown, Jr., proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. His claims stem from an April 21, 2007 traffic incident which he alleges escalated into excessive use of force, an alleged "visual body cavity search," and culminated in his subsequent arrest for possession of several large rocks of crack cocaine.

The case was referred to the magistrate judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636(b). On March 9, 2009, this court ordered that the case was dismissed pursuant to Plaintiff's motion to dismiss, and issued a Final Judgment dismissing the case. On August 10, 2010, Plaintiff filed a motion for reconsideration of the Final Judgment.[1]

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but such a motion may be considered either as a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order. *Hamilton Plaintiffs v.*

---

[1] The Motion is actually styled a Letter of Consideration, but the Court treats the same as a motion for reconsideration of its prior judgment.

*Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id*. Since Plaintiff did not file his motion within ten days of the Final Judgment, the Letter of Consideration is not a Rule 59(e) motion.

A motion under Rule 60(b) must be made within a reasonable time--and for subparts (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). Plaintiff filed his motion more than a year after the date of the Final Judgment dismissing his claims; therefore, he is precluded from asserting the following grounds for relief under Rule 60(b): (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud, misrepresentation, or misconduct by an opposing party. *See* Fed. R. Civ. P. 60(b) and (c)(1). Consequently, Plaintiff can only assert the grounds in Fed. R. Civ. P. 60(b)(4)-(6).

In his motion for reconsideration, Plaintiff asserts that by being incarcerated, he lost a great deal, including his family. He says that he was wrongly accused of violating his parole. He says that he is "on appeal," and that if his appeal is granted, he will no longer be able to stay in a halfway house and will be homeless, on the streets.

Plaintiff alleges no grounds for relief under Fed. R. Civ. P. 60(b)(4-6). The Court's order also prohibited him from refiling his claim unless he could demonstrate that he had been exonerated. Plaintiff has not attempted to make such a showing. Instead, he says that he is "on appeal." Defendants submitted an Exhibit showing that Plaintiff was convicted in the underlying criminal proceeding on May 4, 2009, and was sentenced to five years imprisonment. Plaintiff has not shown

that he has been exonerated in the criminal proceedings or that his conviction or sentence has been reversed, expunged, invalidated or otherwise called into question. Accordingly, the Court

**ORDERS** that Plaintiff's motion for reconsideration of the Final Judgment (Dkt. 42) is **DENIED**.

**SIGNED this 14th day of September, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE